FILED
04 JAN 16 PM 3:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| KRISTIN SHERMAN, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. |
|  | ) 02-AR-1072-M |
| THE NATIONAL AUCTION GROUP, INC., | ) |
| Defendant. | ) |

ENTERED
JAN 16 2004

**MEMORANDUM OPINION**

Before the court is the motion of plaintiff, Kristin Sherman ("Sherman"), brought pursuant to Rule 59, Federal Rules of Civil Procedure. Sherman asks the court to retreat from its November 4, 2003 order granting the motion of defendant, National Auction Group, Inc. ("NAG"), for summary judgment.

**Analysis**

The undisputed facts of this case are set forth in the court's November 4, 2003 memorandum opinion (Doc. 22) and will not be repeated or elaborated here, except to the extent necessary to respond to plaintiff's Rule 59 motion. Sherman presents three arguments that she says support her motion to alter or amend.

First, Sherman disputes the court's statement in its memorandum opinion that her "affidavit does not reflect that she reported [William] Bone's conduct to any other supervisory

1

employee at NAG." Sherman oddly points to her EEOC notice of complaint to prove that the above statement regarding her *affidavit* is incorrect. That aside, if Sherman is simply trying to prove that she reported the alleged harassment to Jim Striplin ("Striplin") as well as to William Bone ("Bone"), the court does not believe that such an additional piece of evidence warrants an alteration or amendment of its order. The crucial inquiry is whether Linda Webb ("Webb"), the decisionmaker, knew of Sherman's alleged complaints. Sherman has come forward with no evidence to suggest that Webb knew of the alleged complaints, whether made to Bone or to Striplin or to both of them.

    Second, Sherman challenges the court's finding on the causal connection element of her retaliatory reference claim. Sherman claims the court was incorrect in stating that the negative reference occurred over three months after the alleged complaints. Sherman argues that it was only a month and a half to two months between the alleged complaints and the negative reference. The alleged complaint to Bone took place on April 16, 1999, and the alleged complaint to Striplin took place several days later. Sherman says that Stephen Wood ("Wood") swore in his affidavit that Interaccess, Inc. ("Interaccess") called NAG in June 1999 for a reference. Actually, Wood only says that he *interviewed* Sherman in June 1999. He never says when Interaccess called NAG. NAG's records indicate that the call did not take

place until July 19, 1999. However, the last paragraph in Wood's affidavit states that had NAG given a favorable reference during the phone call, Sherman would have been employed by Interaccess effective June 1999. Wood Aff. ¶ 8. Sherman argues that the court should have allowed an inferrence from Wood's affidavit that the phone call took place sometime in June 1999, thus making the negative reference only a month and a half to two months after the alleged complaints.

Even if the court indulges Sherman's suggested inference, the outcome would be no different. Admittedly, in the memorandum opinion the court was not as precise as it should have been in setting out the Eleventh Circuit requirements for demonstrating the causal connection element of a *prima facie* retaliation case. The opinion leaves the impression that temporal proximity alone is sufficient to create a fact issue on the causation requirement. That is not, however, the law of the Eleventh Circuit. In order to establish a causal connection between the adverse employment action and the protected activity, the plaintiff must show that "the protected activity and the adverse action were not wholly unrelated." *Simmons v. Camden County Bd. of Educ.*, 757 F.2d 1187, 1189 (11th Cir. 1985). The plaintiff can do this if she "provides sufficient evidence that the *decision-maker became aware* of the protected conduct, and that there was close temporal proximity between this awareness and the

adverse employment action." *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1337 (11th Cir. 1999) (emphasis supplied); see *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 590 (11th Cir. 2000); *Clover v. Total Sys. Serv., Inc.*, 176 F.3d 1346, 1354 (11th Cir. 1999); *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1163-64 (11th Cir. 1993). The decisionmaker's awareness of the protected activity can, of course, be proven through circumstantial evidence as well as by his admission. *Goldsmith*, 996 F.2d at 1163.

Webb was the relevant decisionmaker. Sherman has presented no direct evidence to indicate that Webb was aware of her alleged complaints. Instead, Sherman relies on the "timing of the complaints to Bone and Striplin in relation to her termination" and the "substantial evidence that Sherman was considered an exemplary employee prior to her complaints" as circumstantial evidence demonstrating the causal connection element. Sherman cites no cases indicating that such circumstantial evidence is sufficient to demonstrate a causal connection.[1] This evidence is not probative of any knowledge by Webb of Sherman's alleged

---

[1] Sherman cites *Robinson v. S.E. Pa. Transp. Auth.*, 982 F.2d 892 (3d Cir. 1993), in support of the proposition that when temporal proximity is lacking, a "pattern of antagonism" by the employer is sufficient to establish the causal connection element. While that is an accurate statement of the holding in *Robinson*, it is inapplicable here. Sherman has made no argument that a "pattern of antagonism" existed during or after her employment with NAG.

complaints. Sherman is left with a one and a half month to two month temporal proximity between the adverse action and the protected activity to prove the causal connection element (assuming the court makes the inference Sherman now asks it to). The Eleventh Circuit has held that temporal proximity, without any evidence demonstrating awareness on the part of the decisionmaker, is insufficient to create a fact issue on the causal connection requirement.[2] *See Clover*, 176 F.3d at 1354-56 (holding that one day between the protected activity and the adverse employment action was not sufficient to establish causation when the plaintiff could not demonstrate that the decisionmaker was aware of the protected conduct).

Third, Sherman challenges the court's finding on the causal connection requirement by saying that she has proven a causal

---

[2] *Brungart v. BellSouth Telecomm., Inc.*, 231 F.3d 791 (11th Cir. 2000), cited in this court's November 4, 2003 memorandum opinion, arguably holds that temporal proximity alone is sufficient to create a fact issue on causation. Such a reading of that case is foreclosed by the Eleventh Circuit's later clarification of the *Brungart* holding. In *Strickland v. Water Works and Sewer Bd.*, 239 F.3d 1199 (11th Cir. 2001), the court said:
> We read *Brungart* as holding that close proximity in time between the protected activity and the adverse employment decision does not, standing alone, establish the third element of a prima facie case. Instead, the close proximity merely buttresses other evidence (direct or circumstantial) in the case indicating that the decision maker had notice of the protected activity.

*Strickland*, 239 F.3d at 1207-08 fn. 10.

5

connection because Webb's memorandum demonstrates that Webb was told about Sherman's lawsuit against NAG immediately before giving the negative reference. As stated in the memorandum opinion, when Interaccess called NAG for a reference, Interaccess told Webb that Sherman had filed a suit against NAG. However, Sherman's suit was not filed until several months after the telephone call. Thus, Sherman told Interaccess she had filed a suit against NAG when she actually had not done so. The court found that telling an employer that a law suit has been filed when no such suit has actually been filed is not a protected activity. Sherman now argues that she believed that her attorney was "pursuing her claim against NAG," and cites *Danielson v. Bentsen*, 1995 WL 398914 (9th Cir. Jul 7, 1995), in support of the proposition that telling a prospective employer a lawsuit has been filed when she believed that her attorney was "pursuing her claim" is a protected activity.

This is a new, rather intriguing argument, but an unpersuasive one for numerous reasons. First, the assertion that she believed her attorney was pursuing a claim has no support in the record. Second, the fact that this argument only surfaced in reconsideration suggests that it is contrived. In her response to the motion for summary judgment, Sherman argued that her complaint to Bone and the EEOC notice of complaint were the protected activities. She never argued that believing that her

6

attorney was pursuing a claim and telling a prospective employer that a suit had actually been filed was protected. A Rule 59 motion to alter or amend a judgment "may not be used to raise arguments, or to present evidence, that could reasonably have been raised or presented before the entry of judgment." JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[6] (3d ed. 2003). Third, *Danielson,* an unpublished Ninth Circuit case, does not support Sherman's argument. In *Danielson,* the plaintiff had actually filed several suits, unlike Sherman who simply told Interaccess that she had filed a suit. *See Danielson,* 1995 WL 398914, at *1.

### Conclusion

By separate order, Sherman's Rule 59 motion to alter or amend the court's November 4, 2003 order will be denied.

DONE this ___16th___ day of January, 2004.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE